UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PATRICIA FRANCOIS,

        Plaintiff,                             Case No.:

vs.

POLLACK & ROSEN, P.A.,

        Defendant.
_____/

**COMPLAINT**
**JURY DEMAND**

1. This action arises from violations of the Fair Debt Collection Practice Act, 15 U.S.C. §1692 *et seq*. (hereinafter "FDCPA") and the Florida Consumer Collection Practices Act, Florida Statute §559 *et seq*. (hereinafter "FCCPA").

**JURISCITION AND VENUE**

2. This Court has jurisdiction under 15 U.S.C. §1692k and 28 U.S.C. §1331. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue in this district is proper because Defendant does business here and the acts or omissions giving rise to the claims asserted herein occurred in this district.

**PARTIES**

4. Plaintiff, Patricia Francois, (hereinafter "Plaintiff"), is a natural person obligated or allegedly obligated to pay a consumer debt; she is a "consumer" within the meaning of the FDCPA and the FCCPA.

5. Defendant, Pollack & Rosen, P.A. (hereinafter "Pollack"), is a Florida professional association in the business of collecting consumer debts with its principal address located at 806 Douglas Road, Suite 200, Coral Gables, FL 33134.

1

6. Pollack is a "debt collector" and/ or "person" within the meaning of the FDCPA and the FCCPA.

## FACTUAL ALLEGATIONS

7. On or about January 1, 2017 Pollack filed two separate lawsuits against Plaintiff in order to collect an alleged student loan debt.

8. The complaints and attached exhibits are identical in both actions. (See Exhibits 'A' and 'B').

9. The alleged student loan debt arose from one or more personal, family, or household transactions and is a "debt" within the meaning of the FDCPA and the FCCPA.

10. Both lawsuits were filed in Broward County, Florida and Plaintiff does not reside in that district.

## COUNT I
## VIOLATION OF FLA. STAT. § 559.72(9)

11. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

12. At all times relevant to this action Pollack is subject to and must abide by the law of Florida, including Florida Statute §559.72.

13. Pollack claimed, attempted, or threatened to enforce a consumer debt when Pollack knew that the debt was not legitimate, or asserted the existence of some other legal right when Pollack knew that right did not exist, in violation of Florida Statute § 559.72(9).

14. Specifically, Pollack claimed, attempted, and threatened to enforce a consumer debt when Pollack knew the debt was not legitimate, or asserted the existence of some other legal right when it knew that right did not exist, by filing two lawsuits against Plaintiff concerning the same alleged student loan debt.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Pollack for statutory damages, actual damages, punitive damages, injunctive relief, attorney's fees, litigation expenses and costs of suit, and such other or further relief as the Court deems proper.

## COUNT II
## VIOLATIONS OF 15 U.S.C. § 1692e

15. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

16. Pollack engaged in unlawful and deceptive acts in connection with the collection of a debt, in violation of 15 U.S.C. §1692e, by filing two lawsuits against Plaintiff for the same alleged student loan debt.

17. Further, Pollack violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of a debt, by filing two lawsuits against Plaintiff for the same alleged student loan debt.

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Pollack for statutory damages of $1,000.00 for each violation, actual damages, attorney's fees, litigation expenses and costs of suit; and such other or further relief as the Court deems proper.

## COUNT IV
## VIOLATIONS OF 15 U.S.C. § 1692f

18. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

19. Pollack engaged in unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f, by filing two lawsuits against Plaintiff for the same alleged student loan debt.

20. Further, Pollack violated 15 U.S.C. § 1692f(1) by attempting to collect monies from Plaintiff not expressly authorized by the agreement that created the debt.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Pollack for statutory damages of $1,000.00 for each violation, actual damages, attorney's fees, litigation expenses and costs of suit; and such other or further relief as the Court deems proper.

## COUNT IV
## VIOLATIONS OF 15 U.S.C. § 1692i

21. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

22. Pollack violated 15 U.S.C. § 1692i, by taking legal action to collect a consumer obligation in a judicial district or similar legal entity, other than were the consumer resides.

23. Specifically, Pollack filed two lawsuits against Plaintiff in Broward County, Florida when it knew Plaintiff did not reside in Broward County, Florida.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Pollack for statutory damages of $1,000.00 for each violation, actual damages, attorney's fees, litigation expenses and costs of suit; and such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by Jury.

By: /s/ *Christopher Legg*
Christopher Legg, Esq.
Florida Bar No.: 44460

By: /s/ *Matthew Buchwald*
Matthew Buchwald, Esq.
Florida Bar No.: 23112

BUCHWALD LEGG, PLLC
3837 Hollywood Blvd., Ste. B
Hollywood, FL 33021
Office: 954-962-2333
Chris@theconsumerlawyers.com
Matt@theconsumerlawyers.com
